UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TRANSFIELD ER FUTURES LIMITED

vs.

DEIULEMAR SHIPPING S.P.A.

C.A. NO. 11-099

SECTION "K"

MAG. DIV. 5

## FIRST AMENDED VERIFIED COMPLAINT, PRAYER FOR PROCESS AND RELIEF BY MARITIME ATTACHMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Transfield ER Futures Limited ("Transfield" or "Plaintiff") and for its Verified Complaint against Defendant Deiulemar Shipping S. p. A. ("Deiulemar" or "Defendant") *in personam*, and for maritime attachment of property, alleges upon information and belief as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the Court's jurisdiction pursuant to 28 U.S.C. § 1333, within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure, and is a Rule B action against Deiulemar for maritime attachment of the property of the Defendant, namely, the M/V LEONARDO LEMBO.

2.      Venue is proper in this Court because the aforesaid vessel and property of the Defendant is or soon will be within this District, and Deiulemar is not found within the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.      At all material times Transfield was and still is an entity organized and existing under the laws of the British Virgin Islands.

4.      At all material times Deiulemar was and still is an entity organized and existing under the laws of Italy.

5.      At all material times the M/V LEONARDO LEMBO (IMO No. 9083548) was and still is an Italian-flag bulk cargo vessel.

6.      At all material times Deiulemar was and still is the owner of the M/V LEONARDO LEMBO.

## FACTS

7.      During September 2008, Transfield (as Seller) and Deiulemar (as Buyer), entered into four (4) forward freight agreements ("FFAs")[1] : No. 048870 dated September 3, 2008; No. 049822 dated September 4, 2008; No. 80923879810 dated September 8, 2008; and No. 08091017 dated September 10, 2008.

8.      Transfield also entered into two (2) additional FFAs with Deiulemar Compagnia di Navigazione S.p.A. which, upon information and belief, is a company related to Deiulemar. However, disputes arising under these additional FFAs are not the subject of these proceedings.

---

[1] FFAs are commitments to perform in the future a shipping service between shipowners, charterers and/or traders.

9.  The FFAs between the parties hereto were entered into, contained in and evidenced by brokers' fixture recaps or "Confirmations of FFA Trade" that were subject to standard Forward Freight Agreement Brokers Association 2007 terms (the "FFABA 2007 Terms") and the terms of the 1992 International Swap Dealers' Association, Inc. (Multi-Currency-Cross Border) Master Agreement (the "ISDA Master Agreement"). Copies of the FFAs with incorporated FFABA 2007 Terms are attached hereto *in globo* as Exhibit "A." A copy of the ISDA Master Agreement is attached hereto as Exhibit "B."

10. For each FFA, the parties agreed on the Contract Route(s), Contract Month(s), Contract Quantity, Settlement Period, Settlement Date, and Contract Rates that would govern that particular contract.

11. With respect to the May 2010 contract month, settlement sums under the FFAs were due and payable to Transfield by Deiulemar as follows:

| FFA No. | Settlement Sum (U.S. Dollars) |
|---|---|
| 048870 | $345,885,76 |
| 049822 | $338,135.76 |
| 08091017 | $627,842.59 |
| 80923879810 | $276,135.76 |

12. On May 31, 2010, Transfield invoiced Deiulemar for the above amounts. Pursuant to Clause 8 of the FFABA 2007 Terms and/or Clause 2(a)(i) of the ISDA Master Agreement, under each FFA the settlement sums set forth above in respect to the May contract month were due and payable to Transfield on or before June 7, 2010. Copies of the Invoices for the May 2010 contract month settlement are attached hereto *in globo* as Exhibit "C."

NO COD 338820 v1
0-0

13.     In breach of Clause 8 of the FFABA 2007 and/or 2(a)(i) of the ISDA Master Agreement, Deiulemar failed to pay any of the above sums to Transfield by June 7, 2010.

14.     On June 10, 2010, Transfield provided Deiulemar with written notice of its failure to pay in respect to each FFA.  Copies of the June 10, 2010 notices are attached hereto *in globo* as Exhibit "D."  Subsequently, on June 17, 2010, Transfield provided Deiulemar with a further such notice.  Copies of the June 17 2010 notices are attached hereto *in globo* as Exhibit "E."

15.     Deiulemar failed to pay any or all of the above sums due Transfield within three (3) business days of receipt of either the June 10, 2010 notice or the June 17, 2010 notice.  Such sums remain unpaid to this date.

16.     Accordingly, under Section 5(a)(i) of the ISDA Master Agreement, a Failure to Pay Event of Default occurred in respect of Deiulemar and, by Section 6(a) thereof, Transfield became entitled to designate an Early Termination Date which it did by (in each case) sending Deiulemar a written Notice of Early Termination effective on July 5, 2010 (the "Termination Notices").  Copies of the July 5, 2010 Termination Notices are attached hereto *in globo* as Exhibit "F."

17.     As stated in the Termination Notices, the following sums were due and payable by Deiulemar to Transfield immediately:

| COUNTER PARTY | FFA NO. | LOSS CLAIMED |
| --- | --- | --- |
| Deiulemar Shipping | 048870 | $5,918,480.10 |
| Deiulemar Shipping | 049822 | $5,857,230.10 |
| Deiulemar Shipping | 08091017 | $9,567,406.02 |
| Deiulemar Shipping | 80923879810 | $5,367,230.10 |
| | TOTAL: | $26,710,346.32 |

NO COD 338820 v1
0-0

Accordingly, from July 5, 2010, the sum of $26,710,346.32 was due and payable from Deiulemar to Transfield in debt or, alternatively, as damages, together with interest and costs.

18. Deiulemar has never paid any of the sums due Transfield. Instead, on June 18, 2010, it initiated a lawsuit in the London High Court seeking the return of certain settlement sums previously paid under the FFAs to Transfield on the grounds of meritless allegations. Transfield has filed a counterclaim in the English High Court proceeding and will request in due course a stay of the instant Rule B action, which has been brought for the purpose of obtaining security for claims being pursued (and to be pursued) in the London High Court.

## RULE B RELIEF

19. As confirmed by recent case law emanating from the United States District Court for the Southern District of New York, forward freight agreements or FFAs are maritime contracts and claims thereunder are entitled to process of maritime attachment. *See, e.g., Brave Bulk Transport Ltd. v. Spot On Shipping Ltd.*, 2007 WL 3255823, at *2 (S.D. N. Y.); and *Flame S. A. v. Primera Maritime (Hellas) Ltd.*, 2010 WL 481075, at *2 (S. D. N. Y. ).

20. Deiulemar cannot be found within the Eastern District of Louisiana within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however there is now, or will be shortly, property belonging to Deiulemar, namely, the M/V LEONARDO LEMBO, within this District.

21. Because this Verified Complaint sets forth an *in personam* maritime claim against a defendant that cannot be found within this District, the requirements for a Rule B attachment of the M/V LEONARDO LEMBO are met.

**WHEREFORE**, Plaintiff, Transfield ER Futures Limited, prays that:

22. Process in due form of law, according to the rules and practices of this Honorable Court, may issue against Deiulemar, citing it personally to appear and answer all and singular the matters foresaid;

23. Because Deiulemar cannot be found within the District, as set forth in the attached Verification, that its property, goods, chattels or credits and effects, namely, the M/V LEONARDO LEMBO, be attached in this proceeding to the amount of the claim asserted herein under an Order of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

24. Deiulemar be required to appear herein, and answer all of the allegations under oath;

25. This Court retain jurisdiction over Deiulemar through the attachment of its property, goods, chattels, or credits and effects, namely, the M/V LEONARDO LEMBO, in order to be in a position to enter judgment upon and a decree enforcing the final judgment of the London High Court that is hearing the parties' claims and counterclaims in this dispute;

26. Any property attached in this proceeding be sold, if required, under the direction of this Court and the proceeds of the sale be brought into this Court;

27. Judgment be entered in favor of Transfield for the amount of its claims, with interest and costs, once the merits of the underlying dispute and the parties' claims and counterclaims are resolved in the London High Court, and that a decree of condemnation issue against the property and credits of Deiulemar for that amount; and

28. For such other, further and different relief as this Court may deem proper.

NO COD 338820 v1
0-0

Dated:  January 24, 2011

          Respectfully submitted,

          By: */s/ Christopher O. Davis*
              Christopher O. Davis, T.A. (LBN 4722)
              James H. Roussel (LBN 11496)
              Dawei Zhang (LBN 20037)
              Baker, Donelson, Bearman, Caldwell
                  & Berkowitz, PC
              201 St. Charles Avenue, Suite 3600
              New Orleans, LA  70170
              Telephone: (504) 566-5200
              **ATTORNEYS FOR TRANSFIELD ER FUTURES LIMITED**

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

CHRISTOPHER O. DAVIS

BEING DULY SWORN, who deposes and says:

That he is an attorney at law admitted to practice in the Courts of the State of Louisiana, before this Honorable Court, and a shareholder of the firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, attorneys for the Plaintiff herein; and that he has read the foregoing Verified Complaint and knows the content thereof, and that the same is true to the best of his knowledge, information and belief; and that the reason this verification is made by deponent and not the Plaintiff is that Plaintiff is a foreign legal entity, no officers or directors of which are now within this District; and that the sources of deponent's information and belief are materials contained in his file, as well as statements made by or documents furnished by Plaintiff or its representatives.

That a diligent inquiry has been conducted by the firm of Baker, Donelson, Bearman, Caldwell, Berkowitz, PC in order to determine whether or not the Defendant in this action, Deiulermar Shipping S.p.A., can be found within the Eastern District of Louisiana within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; including review of local telephone directories and calling telephone directory assistance service, searching the Louisiana Secretary of State's official corporate database website, and conducting a multi-state Lexis-Nexis search of all states; and based upon the result of these inquires, to the best of his knowledge, information and belief, the Defendant cannot be found within the Eastern

District of Louisiana within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

_____
CHRISTOPHER O. DAVIS

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 18th DAY OF

JANUARY, 2011.

_____
NOTARY PUBLIC

JAMES H. ROUSSEL
LOUISIANA BAR ROLL NO. 11496
NOTARY PUBLIC
State of Louisiana
My Commission is Issued For Life.